**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ADAM HERRELL, individually, and on behalf of all others similarly situated, | Case No.:  3:24-cv-00965-SDD-SDJ |
| Plaintiff, | |
| v. | Judge:         Honorable Shelly D. Dick |
| L & B TRANSPORT, LLC, | Magistrate Judge:      Honorable Scott D. Johnson |
| Defendant. | |

<u>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**</u>

This Class Action Settlement Agreement and Release ("Settlement" or "Agreement"),[1] is entered into between Plaintiff Adam Herrell ("Plaintiff"), on behalf of himself and the Settlement Class and Defendant L&B Transport, LLC ("Defendant") (collectively the "Parties"). The Parties hereby agree to the following terms in full settlement of the Action, subject to a Final Approval Order entered by the Court.

**I.    Background**

1.       Defendant is a Louisiana for-profit transportation company specializing in rubber-lined trailer service for strong acids and the transportation of commodities, including hazardous materials, in bulk across the United States and Canada.

2.       In the course of operating its business, Defendant maintains a limited amount of personally identifiable information pertaining to services provided.

3.       In August 2024, Defendant discovered that Private Information had been made accessible to unauthorized parties.

---

[1] All capitalized terms herein shall have the same meanings as those ascribed to them in Section II below.

4.      The affected information varied by individual, but included names, Social Security numbers, and driver's license numbers.

5.      On November 11, 2024, Defendant began sending out notice letters to affected persons, informing them that their Private Information had been compromised in the Data Incident.

6.      As a result of the Data Incident, Defendant was named in a putative Class Action Complaint filed by Plaintiff on November 22, 2024.

7.      Thereafter, Class Counsel prepared for discovery, researched to understand how the incident occurred, the type of information involved, and whether the information was published on the Dark Web.

8.      The Parties began discussing settlement and engaged in arms-length negotiations. After weeks of discussions, the Parties were able to negotiate a settlement in principle on January 13, 2025, agreeing upon the material terms of a settlement.

9.      The Parties now agree to settle the Action entirely, without any admission of liability or wrongdoing, with respect to all Released Claims of the Releasing Parties. Defendant has entered into this Agreement to resolve all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the litigation costs and expenses, distractions, burden, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to, or concede any of the allegations made in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other

than to enforce the terms of this Agreement. Plaintiff has entered into this Agreement to recover

on the claims in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation.

Plaintiff does not in any way concede that the claims alleged in the Complaint lack merit or are

subject to any defenses. The Parties intend this Agreement to bind Plaintiff, Defendant, and all

Settlement Class Members.

**NOW, THEREFORE,** in light of the foregoing, for good and valuable consideration, the

receipt and sufficient of which is hereby mutually acknowledged, the Parties agree, subject to

approval by the Court, as follows.

## II.    **Definitions**

16.    "Action" means the lawsuit entitled: *Herrell v. L&B Transport, LLC*, Case No.

3:24-cv-00965-SDD-SDJ, filed in the United States District Court, in the State of Louisiana.

17.    "Application for Attorneys' Fees, Costs, and Service Awards" means the

application made with the Motion for Final Approval seeking Service Awards for Class

Representatives and Class Counsel's attorneys' fees and reimbursement for costs.

18.    "CAFA Notice" means the notice required by the Class Action Fairness Act of

2008, 28 U.S.C. § 1715 ("CAFA").

19.    "Claim" means the submission of a Claim Form by a Claimant.

20.    "Claim Form" means the proof of claim, substantially in the form attached hereto

as ***Exhibit 4***, which may be modified, subject to the Parties' approval, to meet the requirements of

the Settlement Administrator.

21.    "Claim Form Deadline" shall be 15 days before the initial scheduled Final Approval

Hearing and is the last day by which a Claim Form may be submitted to the Settlement

Administrator for a Settlement Class member to be eligible for a Cash Payment.

22.    "Claimant" means a Settlement Class member who submits a Claim Form.

23.    "Class Counsel" means: Laura Van Note of Cole & Van Note.

24.    "Class List" means a list of all individuals in the Settlement Class. Defendant shall prepare and provide the Class List to the Settlement Administrator for Notice using information in its records. Class List shall include the Settlement Class's names, email address (if available) postal address, and telephone number (if available).

25.    "Class Representative" means the Plaintiff.

26.    "Complaint" means the Class Action Complaint filed in the Action on November 22, 2024.

27.    "Court" means the United States District Court for the District of Louisiana and the Judges assigned to the Action.

28.    "Data Incident" means the alleged incident that occurred in August 2024, in which unauthorized third parties purportedly gained access to Settlement Class Members' Private Information from Defendant's systems.

29.    "Defendant" means L&B Transport, LLC.

30.    "Defendant's Counsel" means Jennifer Oliver of Buchanan Ingersoll & Rooney LLP.

31.    "Effective Date" of this Agreement means the last date by which all of the following have occurred: (a) The Parties have executed this Agreement; (b) the Parties have submitted to the Court and the Court has entered the Final Approval Order without material changes to the Parties' proposed Final Approval Order; and (c) the time for seeking rehearing, appellate or other review of the Final Approval Order has expired, or the Settlement is affirmed on appeal or review without material change, no other appeal or petition for rehearing or review is

4

pending, and the time period during which further petition for hearing review, appeal, or certiorari could be taken has finally expired.

32. "Email Notice" means the email notice of the Settlement, substantially in the form attached hereto as *Exhibit 1*, that the Settlement Administrator shall disseminate to the Settlement Class by email to those on the Class List for which Defendant possesses an email address.

33. "Escrow Account" means the interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described herein.

34. "Final Approval" means the final approval of the Settlement, which occurs when the Court enters the Final Approval Order agreed to by the Parties, substantially in the form attached to the Motion for Final Approval.

35. "Final Approval Hearing" means the hearing held before the Court during which the Court will consider granting Final Approval of the Settlement and the Application for Attorneys' Fees, Costs, and Service Awards.

36. "Final Approval Order" means the Final Order that the Court enters granting Final Approval of the Settlement. The proposed Final Approval Order shall be agreed to by the Parties and will be attached as an exhibit to the Motion for Final Approval. The Final Approval Order also includes the orders, which may be entered separately, determining the amount of attorneys' fees and costs awarded to Class Counsel.

37. "Long Form Notice" means the long form notice of the Settlement, substantially in the form attached hereto as *Exhibit 3*, that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail on request made to the Settlement Administrator.

38. "Motion for Final Approval" means the motion that Plaintiff and Class Counsel shall file with the Court seeking Final Approval of the Settlement.

39.     "Motion for Preliminary Approval" means the motion that Plaintiff shall file with the Court seeking Preliminary Approval of the Settlement.

40.     "Notice" means the Email Notice, Postcard Notice, Long Form Notice, Settlement Website, and settlement telephone line that Plaintiff and Class Counsel will ask the Court to approve in connection with the Motion for Preliminary Approval.

41.     "Notice Program" means the methods provided for in this Agreement for giving Notice and consists of the Email Notice, Postcard Notice, Long Form Notice, Settlement Website, and Settlement telephone line.

42.     "Notice of Deficiency" means the notice sent by the Settlement Administrator to a Settlement Class member who has submitted an invalid Claim.

43.     "Objection Period" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

44.     "Opt-Out Period" means the period that begins the day after the earliest day on which the Notice is first distributed, and that ends no later than 30 days before the Final Approval Hearing.

45.     "Party" means the Plaintiff and the Defendant individually, and "Parties" means Plaintiff and Defendant collectively.

46.     "Plaintiff" means Adam Herrell.

47.     "Postcard Notice" means the postcard notice of the Settlement, substantially in the form attached hereto as **Exhibit 2**, that the Settlement Administrator shall disseminate to the Settlement Class by mail.

48.     "Preliminary Approval" means the preliminary approval of the Settlement, which

occurs when the Court enters the Preliminary Approval Order, substantially in the form attached as an exhibit to the Motion for Preliminary Approval.

49.    "Preliminary Approval Order" means the order preliminarily approving the Settlement and proposed Notice Program.

50.    "Private Information" means Settlement Class Members' information that may have been exposed in the Data Security Incident, which may include names, Social Security numbers, and driver's license numbers and other personally identifiable information.

51.    "Releases" means the releases and waiver set forth in Section XIII of this Agreement.

52.    "Released Claims" means the claims described in Section XIII of this Agreement. "Released Parties" means Defendant, and its past, present, and future parents, subsidiaries, divisions, departments, affiliates, predecessors, successors and assigns, and any and all of their past, present, and future directors, officers, executives, officials, principals, stockholders, heirs, agents, insurers, reinsurers, members, attorneys, accountants, actuaries, fiduciaries, advisors, consultants, representatives, partners, joint venturers, licensees, licensors, independent contractors, subrogees, trustees, executors, administrators, predecessors, successors and assigns, and any other person acting on Defendant's behalf, in their capacity as such. It is expressly understood that to the extent a Released Party is not a party to the Agreement, all such Released Parties are intended third-party beneficiaries of the Agreement.

53.    "Releasing Parties" means (i) Plaintiff and all Settlement Class Members, (ii) each of their respective executors, representatives, heirs, predecessors, assigns, beneficiaries, affiliates, successors, bankruptcy trustees, guardians, joint tenants, tenants in common, tenants by the entireties, agents, attorneys, (iii) any entities in which a Plaintiff and/or other participating

7

Settlement Class Member has or had a controlling interest or that has or had a controlling interest in him, her, or it, (iv) any other person or entity (including any governmental entity) claiming by or through, on behalf of, for the benefit of, derivatively for, or as representative of a Plaintiff and/or any other Settlement Class Member, and all those who claim through them or on their behalf, and (v) the respective past and present directors, governors, executive-committee members, officers, officials, employees, members, partners, principals, agents, attorneys, advisors, trustees, administrators, fiduciaries, consultants, service providers, representatives, successors in interest, assigns, beneficiaries, heirs, executors, accountants, accounting advisors, and auditors of any or all of the above persons or entities identified in (i)-(iv).

54.    "Service Awards" shall mean the payment the Court may award the Plaintiff for serving as Class Representative.

55.    "Settlement Administrator" means Apex Class Action Administration.

56.    "Settlement Administration Costs" means all costs and fees of the Settlement Administrator regarding Notice and settlement administration.

57.    "Settlement Class" means all persons in the United States who were notified that their Private Information was potentially exposed to unauthorized third parties as a result of the L&B Transport, LLC Data Incident allegedly discovered by Defendant in August 2024. Excluded from the Settlement Class are (a) all persons who are governing board members of Defendant; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any individual who timely and validly opts-out of the Settlement.

58.    "Settlement Class Member" means any member of the Settlement Class.

59.    "Settlement Fund" means the non-reversionary $220,000.00 common fund that Defendant has agreed to pay under the terms of the Settlement.

60.    "Settlement Website" means the website the Settlement Administrator will establish as a means for the Settlement Class Members to submit Claim Forms and obtain notice and information about the Settlement, including hyperlinked access to this Agreement, the Preliminary Approval Order, Long Form Notice, Claim Form, Motion for Final Approval, Application for Attorneys' Fees, Costs, and Service Awards, and Final Approval Order, as well as other documents as the Parties agree to post or the Court orders posted. The Settlement Website shall remain online and operable for six months after Final Approval.

61.    "Valid Claim" means a Claim Form submitted by a Settlement Class Member that is: (a) submitted in accordance with the provisions of the Settlement; (b) accurately, fully, and truthfully completed and executed, with all of the information requested in the Claim Form, by a Settlement Class Member; (c) signed physically or by e-signature by a Settlement Class Member personally, subject to the penalty of perjury; (d) returned via mail and postmarked by the Claim Form Deadline, or, if submitted online, submitted by 11:59 p.m. Eastern time on the Claim Form Deadline; and (e) determined to be valid by the Settlement Administrator. The Settlement Administrator may require additional information from the Claimant to validate the Claim, including, but not limited to, answers related to questions regarding the validity or legitimacy of the physical or e-signature. Failure to respond to the Settlement Administrator's Notice of Deficiency may result in a determination that the Claim is not a Valid Claim.

## III.    **Settlement Fund**

62.    Within 30 days after Preliminary Approval and receipt of all necessary information required to make payment (e.g., wiring instructions and a W-9 form), Defendant shall deposit or cause to be deposited the total cost of Settlement Administration, not to exceed $15,550.00 into the Escrow Account to allow the Settlement Administrator to pay Settlement Administration Costs.

Within 5 days after the Effective Date, Defendant shall deposit the remaining balance into the Escrow Account.

63.    Under no circumstances shall Defendant be obligated to pay or cause to be paid more than $220,000. No funds shall revert back to Defendant, except in the event this Agreement is voided, cancelled, or terminated, as described in Paragraphs 112-118 in this Agreement. In the event the Effective Date does not occur, no portion of the Settlement shall be returned to Defendant.

64.    The Settlement Fund shall be used to pay: (1) Settlement Class Member Benefits to those Settlement Class Members who submit a Valid Claim; (2) any Service Awards awarded to Class Representatives; (3) any attorneys' fees and costs awarded to Class Counsel; and (4) all Settlement Administration Costs.

65.    The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-l at all times since creation of the Escrow Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise shall be paid from the Escrow Account, including any taxes or tax detriments that may be imposed on Defendant, Defendant's Counsel, Plaintiff, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise, shall be paid out of the Escrow Account. Defendant, Defendant's Counsel, Plaintiff, and Class Counsel shall have no liability or responsibility for any of the taxes. The Escrow Account shall indemnify and hold Defendant, Defendant's Counsel, Plaintiff, and Class Counsel harmless for all taxes (including, without limitation, taxes payable by reason of any such indemnification).

66.     Other than the payment of the Settlement Fund monies as described in this Agreement, Defendant shall have no responsibility, financial obligation, or liability whatsoever with respect to the Settlement Fund of Escrow Account, investment of the Settlement Fund or Escrow Account, payment of federal, state, and local income, employment, unemployment, excise and any other taxes, penalties, interest or other charges related to taxes imposed on the Settlement Fund or Escrow Account or its disbursement, payment of administrative, legal, accounting, or other cost occasioned by the use or administration of the Settlement Fund or the Escrow Account.

## IV.     Certification of the Settlement Class

67.     Plaintiff shall propose and recommend to the Court that the Settlement Class be certified for Settlement purposes. Defendant agrees solely for purposes of the Settlement provided for in this Agreement, and the implementation of such Settlement, that this Action shall proceed as a class action; provided however, that if a Final Approval Order is not issued, then any certification shall be null and void and, for the avoidance of doubt, Defendant shall retain all rights to object to any future requests to certify a class. Plaintiff and Class Counsel shall not reference this Agreement in support of any subsequent motion for class certification of any class in the Action.

## V.     Settlement Consideration

68.     Each Settlement Class Member who submits a valid and timely Claim Form may qualify for the following:

        a.      **Documented Loss Fund**

The Settlement Class Member may submit a claim for a Settlement Payment of up to $5,000 reimbursement in the form of a Documented Loss Payment. To receive a Documented Loss Payment, a Settlement Class Member must choose to do so on their given Claim Form and submit

to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss, including lost time at $25 per hour for up to four hours; and (iii) reasonable documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement.

b.    **Non-Documented Pour-Over Fund**

Following the distribution of Administrative Expenses, Service Awards, Documented Loss Claims, Attorneys' Fees and Class Counsel's Litigation Expenses, the Settlement Administrator will make a pro rata cash payment from the remaining Settlement fund to each Class Member who submits a valid claim, as determined by the Settlement Administrator in accordance with the Settlement Agreement or, if applicable, the dispute resolution process therein, so long as the funds are available.

69.    **Distribution of Settlement Payments**

a.    The Settlement Administrator will first apply the Net Settlement Fund to pay all Documented Loss Payments. The amount of the Net Settlement Fund remaining after all Documented Loss Payments are applied shall be referred to as the "Non-Documented Pour-Over Fund."

b.    The Settlement Administrator shall utilize the Non-Documented Pour-Over Fund to make all Cash Award payments pursuant to Paragraph 69(a). The amount of each payment shall be calculated by dividing the Non-Documented Pour-Over Fund by the total number of valid and timely Claim Forms submitted by Settlement Class Members.

70.    **Business Practice Changes** – Plaintiff has received assurances that Defendant either has undertaken or will undertake reasonable steps to further secure its systems and

environments. Defendant has provided confidential discovery regarding the number of individuals in the Settlement Class, the facts and circumstances of the Data Incident and Defendant's response thereto, and the changes and improvements that have been made or are being made to protect class members' Private Information.

## VI.   Settlement Approval

71.    Within thirty (30) days after the execution of this Agreement by all Parties and Class Counsel, Class Counsel shall file a Motion for Preliminary Approval. The proposed Preliminary Approval Order shall be attached to the motion as an exhibit and shall be in a form agreed to by Class Counsel and Defendant.

72.    The Motion for Preliminary Approval shall, among other things, request the Court: (1) preliminarily approve the terms of the Settlement as being within the range of fair, adequate, and reasonable; (2) provisionally certify the Settlement Class for settlement purposes only; (3) approve the Notice Program set forth herein and approve the form and content of the Notices of the Settlement; (4) approve the Claim Form and Claim process; (5) approve the procedures for individuals in the Settlement Class to opt-out of or object to the Settlement; (6) stay the Action pending Final Approval of the Settlement; and (7) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel, and Defendant's Counsel.

## VII.   Settlement Administrator

73.    The Parties agree that, subject to Court approval, Apex Class Action Administration shall be the Settlement Administrator. The Parties shall jointly oversee the Settlement Administrator. The Settlement Administrator shall fulfill the requirements set forth in the Preliminary Approval Order and the Agreement and comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

74.     The Settlement Administrator shall administer various aspects of the Settlement as described in the next paragraph and perform such other functions as are specified for the Settlement Administrator elsewhere in this Agreement, including, but not limited to, effectuating the Notice Program, handling the Claims process, administering the Settlement Fund, and distributing the Cash Payments to Settlement Class Members who submit Valid Claims.

75.     The Settlement Administrator's duties include to:

a.     Complete the Court-approved Notice Program by noticing the Settlement Class by Postcard Notice, sending Long Form Notices and paper Claim Forms on request from individuals in the Settlement Class, reviewing Claim Forms, notifying Claimants of deficient Claim Forms using the Notice of Deficiency, and sending Settlement Class Member Benefits to Settlement Class Members who submit a Valid Claim;

b.     Establish and maintain the Settlement Fund in the Escrow Account approved by the Parties;

c.     Establish and maintain a post office box to receive opt-out requests from the Settlement Class, objections from Settlement Class Members, and Claim Forms;

d.     Establish and maintain the Settlement Website to provide important information about the Settlement and to receive electronic Claim Forms;

e.     Establish and maintain an automated toll-free telephone line for the Settlement Class to call with Settlement-related inquiries, and answer frequently asked questions of individuals in the Settlement Class who call with or otherwise communicate such inquiries;

f.     Respond to any mailed Settlement Class member inquiries;

g.     Process all opt-out requests from the Settlement Class;

h.     Provide weekly reports to Class Counsel and Defendant's Counsel that

summarize the number of Claims submitted, Claims approved and rejected, Notices of Deficiency sent, opt-out requests and objections received that week, the total number of opt-out requests and objections received to date, and other pertinent information;

      i.     In advance of the Final Approval Hearing, prepare a declaration confirming the Notice Program was completed in accordance with the terms of this Agreement and the Preliminary Approval Order, describing how the Notice Program was completed, indicating the number of Claim Forms received, providing the names of each individual in the Settlement Class who timely and properly requested to opt-out from the Settlement Class, indicating the number of objections received, and other information as may be necessary to allow the Parties to seek and obtain Final Approval;

      j.     Distribute, out of the Settlement Fund, Cash Payments by electronic means or by paper check;

      k.     Pay Court-approved attorneys' fees and costs, and Service Awards out of the Settlement Fund;

      l.     Pay Settlement Administration Costs out of the Settlement Fund following approval by Class Counsel;

      m.     Pay any required taxes out of the Settlement Fund; and

      n.     Any other Settlement Administration function at the instruction of Class Counsel and Defendant's Counsel, including, but not limited to, preparing and serving CAFA Notice according to Defendant's Counsel's instructions, verifying that the Settlement Fund has been properly administered and that the Cash Payments have been properly distributed.

76.     The Notice Program and Notices will be reviewed and approved by the Settlement Administrator but may be revised as agreed upon by the Parties prior to submission to the Court

for approval. Immaterial revisions to the Notices may also be made prior to dissemination.

**VIII.    Notice to the Settlement Class**

77.    The Claims Administrator will serve or cause to be served the CAFA Notice no later than 10 days after this Agreement is filed with the Court.

78.    Defendant will make available to Class Counsel and the Settlement Administrator the Class List no later than 15 days after entry of the Preliminary Approval Order.

79.    Within 15 days following receipt of the Class List, the Settlement Administrator shall commence the Notice Program provided herein, using the forms of Notice approved by the Court. Notice shall be provided by email for all Settlement Class Members for whom Defendant possesses and email address. Postcard Notice shall be disseminated via U.S. Mail to the Settlement Class's mailing addresses, to the extent known, for all other Settlement Class Members. Notice shall also be published on the Settlement Website.

80.    The Notice shall include, among other information: a description of the material terms of the Settlement; how to submit a Claim Form; the Claim Form Deadline; the last day of the Opt-Out Period for individuals in the Settlement Class to opt-out of the Settlement Class; the last day of the Objection Period for Settlement Class Members to object to the Settlement and/or Application for Attorneys' Fees, Costs and Service Awards; the Final Approval Hearing date; and the Settlement Website address at which Settlement Class members may access this Agreement and other related documents and information. Class Counsel and Defendant's Counsel shall insert the correct dates and deadlines in the Notice before the Notice Program commences, based upon those dates and deadlines set by the Court in the Preliminary Approval Order. If the date or time for the Final Approval Hearing changes, the Settlement Administrator shall update the Settlement Website to reflect the new date. No additional notice to the Settlement Class is required if the date

16

or time for the Final Approval Hearing changes.

81.    The Settlement Administrator shall establish the Settlement Website no later than the day before Notice is first initiated. The Settlement Administrator shall ensure the Settlement Website makes available the Court-approved online Claims Form that can be submitted directly on the Settlement Website or in printable version that can be sent by U.S. Mail to the Settlement Administrator.

82.    **Opt-Outs –** The Long Form Notice also shall include a procedure for individuals in the Settlement Class to opt-out of the Settlement; and the Postcard Notice shall direct individuals in the Settlement Class to review the Long Form Notice to obtain the opt-out instructions. Individuals in the Settlement Class may opt-out of the Settlement Class at any time during the Opt-Out Period by mailing a request to opt-out to the Settlement Administrator postmarked no later than the last day of the Opt-Out Period. The opt-out request must be personally signed by the Settlement Class member and contain the name, address, telephone number, and email address (if any), and include a statement indicating a request to be excluded from the Settlement Class. Any individual in the Settlement Class who does not timely and validly request to opt out shall be bound by the terms of this Agreement even if he or she does not submit a Valid Claim.

83.    **Objections –** The Long Form Notice also shall include a procedure for the Settlement Class to object to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards, and the Postcard Notice shall direct the Settlement Class to review the Long Form Notice to obtain the objection instructions. Objections must be mailed to the Clerk of the Court, Class Counsel, Defendant's Counsel, and the Settlement Administrator. For an objection to be considered by the Court, the objection must be submitted no later than the last day of the Objection Period, as specified in the Notice. If submitted by mail, an objection shall be deemed to have been

submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

84.     For an objection to be considered by the Court, the objection must also set forth:

a.     the name of this Litigation (*Herrell v. L&B Transport, LLC.,* Case No. 3:24-cv-00965-SDD-SDJ);

b.     the objector's full name, mailing address, telephone number, and email address (if any);

c.     the specific reasons for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

d.     the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

e.     the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or Application for Attorneys' Fees, Costs, and Service Awards;

f.     the number of times in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling upon counsel's or the counsel's law firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

g.    any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

h.    the identity of all counsel (if any) representing the objector and whether they will appear and address the Court at the Final Approval Hearing;

i.    a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

j.    a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

k.    the objector's signature (an attorney's signature is not sufficient).

85.    Class Counsel and/or Defendant's Counsel may conduct limited discovery on any objector or objector's counsel.

86.    The Settlement Administrator shall perform reasonable address traces for those Postcard Notices that are returned as undeliverable. By way of example, a reasonable tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. No later than 45 days before the original date set for the Final Approval Hearing, the Settlement Administrator shall complete the re-mailing of Postcard Notice to those Settlement Class Members whose new addresses were identified as of that time through address traces.

87.    The Notice Program shall be completed no later than 45 days before the original date set for the Final Approval Hearing.

## IX.    Claim Form Process and Disbursement of Cash Payments

88.     The Notice will explain to the Settlement Class that they may be entitled to a Settlement Class Member Benefit and how to submit a Claim Form.

89.     Claim Forms may be submitted online through the Settlement Website or through U.S. Mail by sending them to the Settlement Administrator at the address designated on the Claim Form.

90.     The Settlement Administrator shall collect, review, and address each Claim Form received to determine whether the Claim Form meets the requirements set forth in this Settlement and is thus a Valid Claim. The Settlement Administrator shall examine the Claim Form before designating the Claim as a Valid Claim to determine that the information on the Claim Form is reasonably complete. The Settlement Administrator shall have the sole authority to determine whether a Claim by any Claimant is a Valid Claim.

91.     The Settlement Administrator shall use all reasonable efforts and means to identify and reject duplicate claims. No Settlement Class Member may submit more than one Claim Form. The Settlement Administrator shall identify any Claim Forms that appear to seek relief on behalf of the same Settlement Class Member. The Settlement Administrator shall use its best efforts to determine whether there is any duplication of claims, and if there is, contact the Settlement Class Member in an effort to determine which Claim Form is the appropriate one for consideration.

92.     The Settlement Administrator shall exercise, in its discretion, all usual and customary steps to prevent fraud and abuse and take any reasonable steps to prevent fraud and abuse in the Claim process. The Settlement Administrator may, in its discretion, deny in whole or in part any Claim Form to prevent actual or possible fraud or abuse. By agreement, the Parties can instruct the Settlement Administrator to take whatever steps it deems appropriate if the Settlement Administrator identifies actual or possible fraud or abuse relating to the submission of claims,

including, but not limited to, denying in whole or in part any Claim to prevent actual or possible fraud or abuse. If any fraud is detected or reasonably suspected, the Settlement Administrator and Parties may require information from Claimants or deny Claims, subject to the supervision of the Parties and ultimate oversight by the Court.

93.     Claim Forms that do not meet the terms and conditions of this Settlement, shall be promptly rejected by the Settlement Administrator and the Settlement Administrator shall advise the Claimant or Settlement Class Member of the reason(s) why the Claim Form was rejected. However, if the Claim Form is rejected for containing incomplete or inaccurate information, and/or omitting required information, the Settlement Administrator may send a Notice of Deficiency explaining what information is missing or inaccurate and needed to validate the Claim and have it submitted for consideration. The Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. The additional information and/or documentation can include, for example, answers to questions regarding the validity of the Claimant's physical or e-signature. A Claimant shall have until the Claim Form Deadline, or 15 days from the date the Notice of Deficiency is sent to the Claimant via mail and postmarked or via email, whichever is later, to reply to the Notice of Deficiency and provide the required information. If the Claimant timely and adequately provides the requested information and/or documentation, the Claim shall be deemed a Valid Claim and processed by the Settlement Administrator. If the Claimant does not timely and completely provide the requested information and/or documentation, the Settlement Administrator shall reduce or deny the Claim unless Defendant and Class Counsel otherwise agree.

94.     Where a good faith basis exists, the Settlement Administrator may reduce or reject a Claim for, among other reasons, the following:

a.     Failure to fully complete and/or sign the Claim Form;

b.      Illegible Claim Form;

c.      The Claim Form is fraudulent;

d.      The Claim Form is duplicative of another Claim Form;

e.      The Claimant is not a Settlement Class Member;

f.      The Claimant submitted a timely and valid request to opt out of the Settlement Class;

g.      The person submitting the Claim Form requests that payment be made to a person or entity other than the Claimant for whom the Claim Form is submitted;

h.      Failure to submit a Claim Form by the Claim Form Deadline; and/or

i.      The Claim Form otherwise does not comply with the requirements of this Settlement.

95.      The Settlement Administrator's reduction or denial of a Claim is final, subject to the following dispute resolution procedures:

a.      The Settlement Administrator shall have 30 days from the Claim Form Deadline to approve or reject Claims based on findings of fraud or duplication.

b.      A request for additional information by sending a Notice of Deficiency shall not be considered a denial for purposes of this Paragraph.

c.      If a Claim is rejected for fraud or duplication, the Settlement Administrator shall notify the Claimant using the contact information provided in the Claim Form. Class Counsel and Defendant's Counsel shall be provided with copies of all such notifications to Claimants.

d.      The Settlement Administrator's determination as to whether to approve, deny, or reduce a Claim shall be final and binding.

96.      The Settlement Administrator shall provide all information gathered in

investigating Claims, including, but not limited to, copies of all correspondence and email and all notes of the Settlement Administrator, the decision reached, and all reasons supporting the decision, if requested by Class Counsel or Defendant's Counsel. Additionally, Class Counsel and Defendant's Counsel shall have the right to inspect the Claim Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

97.     No person or entity shall have any claim against Defendant, Defendant's Counsel, Plaintiff, the Settlement Class, Class Counsel, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Settlement.

98.     No later than 30 days after Final Approval or 75 days after the Effective Date, whichever is later, the Settlement Administrator shall distribute the Settlement Class Member Benefits.

99.     Cash Payments to Settlement Class Members will be made electronically or by paper check. Settlement Class Members with Valid Claims shall receive an email instructing them to select the type of payment they wish to receive. Upon issuance of the email, Settlement Class Members shall have 30 days to select their method of payment. Settlement Class Members who do not open their email or provide incorrect or incomplete electronic payment information shall receive a paper check in the mail. Settlement Class Members receiving payment by check shall have 90 days to negotiate the check.

## X.     Final Approval Order and Final Judgment

100.     Plaintiff shall file their Motion for Final Approval of the Settlement, inclusive of the Application for Attorneys' Fees, Costs, and Service Awards, no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the Court may choose to hear argument on Plaintiff's Motion for Final Approval of the Settlement and

Application for Attorneys' Fees, Costs, and Service Awards. In the Court's discretion, the Court also may hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Settlement and/or to the Application for Attorneys' Fees, Costs, and Service Awards, provided the objectors submitted timely objections that meet all of the requirements listed in the Agreement.

101.    At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and final judgment thereon, and whether to grant the Application for Attorneys' Fees, Costs, and Service Awards. Such proposed Final Approval Order shall, among other things:

a.    Determine that the Settlement is fair, adequate and reasonable;

b.    Finally certify the Settlement Class for settlement purposes only;

c.    Determine that the Notice Program satisfies Due Process requirements;

d.    Bar and enjoin all Releasing Parties from asserting any of the Released Claims at any time and in any jurisdiction, including during any appeal from the Final Approval Order; bar and enjoin all Releasing Parties from pursuing any Released Claims against Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order; and retain jurisdiction over the enforcement of the Court's injunctions;

e.    Release Defendant and the Released Parties from the Released Claims; and

f.    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement, including Defendant, Plaintiff, all Settlement Class Members, and all objectors, to administer, supervise, construe, and enforce this Agreement in accordance with its terms.

## XI.    Service Awards, Attorneys' Fees and Costs

24

102.    **Service Awards** – In recognition of the time and effort the Class Representative expended in pursuing this Action and in fulfilling their obligations and responsibilities as Class Representative, and of the relief conferred on all Settlement Class Members by the Settlement, Class Counsel shall request a Service Award for the Class Representative in the amount not to exceed $5,000. If approved, the Service Awards shall be paid by the Settlement Administrator out of the Settlement Fund within 30 days of the Effective Date. The Service Award payments to the Class Representative shall be separate and apart from their entitlement to benefits from the Settlement Fund.

103.    ***Attorneys' Fees and Costs*** – Class Counsel shall apply to the Court for an award of attorneys' fees of up to 33.33% of the Settlement Fund, plus reimbursement of costs. The attorneys' fees and cost awards approved by the Court shall be paid by the Settlement Administrator out of the Settlement Fund by wire transfer to an account designated by Class Counsel, within 30 days of the Effective Date.

104.    This Settlement is not contingent on approval of the request for attorneys' fees and costs or Service Awards, and if the Court denies the request or grants amounts other than what was requested, the remaining provisions of the Agreement shall remain in force. The provisions for attorneys' fees and costs and the Service Awards were not negotiated until after all material terms of the Settlement.

## XII.    Disposition of Residual Funds

105.    The Settlement is designed to exhaust the Settlement Fund. In the event there are funds remaining from uncashed checks in the Settlement Fund 20 days following the 90-day check negotiation period, all remaining funds shall be distributed to an appropriate mutually agreeable *cy pres* recipient to be approved by the Court.

## XIII.  **Releases**

106.    As of the Effective Date, the Releasing Parties shall automatically be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties of, and shall be forever barred from instituting, maintaining, or prosecuting, any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses and remedies, whether known or unknown, asserted or unasserted, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, based on contract, tort or any other theory, whether on behalf of themselves or others, that result from, arise out of, are based upon, or relate to (a) the Data Security Incident; or (b) any of the alleged violations of laws or regulations cited in the Complaint or the Action.

107.    Plaintiff and Settlement Class Members covenant and agree they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released Claim, directly or indirectly, whether on behalf of themselves or others, against any of the Released Parties in any jurisdiction.

108.    Individuals in the Settlement Class who opt-out of the Settlement prior to the Opt-Out Deadline do not release their claims and will not obtain any benefits under the Settlement. With respect to the Released Claims, Plaintiff and Settlement Class Members, expressly understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiff and Settlement Class Members explicitly took that into account in entering into this Agreement, and a portion of the consideration and the mutual covenants contained herein, having been bargained for between Plaintiff and Defendant with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such

claims.

109.    Plaintiff or Settlement Class Members may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released herein, or the law applicable to such claims may change. Nonetheless, each of those individuals expressly agrees that, as of the Effective Date, he or she shall have automatically and irrevocably waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters described in or subsumed by this Agreement. Further, each of those individuals agrees and acknowledges that he or she shall be bound by this Agreement, including by the release herein and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if he or she never receives actual notice of the Settlement and/or never receives a Cash Payment from the Settlement.

110.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiff and Settlement Class Members; and (b) Plaintiff and Settlement Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claim against the Released Parties, whether on behalf of Plaintiff, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

## XIV.  Termination of Settlement

111.    This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

a.    Court approval of the Settlement consideration set forth in Section V and the Releases set forth in Section XIII of this Agreement;

b.    The Court has entered the Preliminary Approval Order substantially in the form attached to the Motion for Preliminary Approval;

c.    The Court has entered the Final Approval Order substantially in the form agreed to by the Parties and attached to the Motion for Final Approval, and all objections, if any, are overruled, and all appeals taken from the Final Approval Order are resolved in favor of Final Approval; and

d.    The Effective Date has occurred.

112.    If any of the conditions specified in the preceding paragraph are not met, then this Agreement shall be cancelled and terminated.

113.    Defendant shall have the option to terminate this Agreement if more than 1% of the Settlement Class opt-out of the Settlement. Defendant shall notify Class Counsel and the Court of its intent to terminate this Agreement pursuant to this paragraph within 10 days after the end of the Opt-Out Period, or the option to terminate shall be considered waived.

114.    In the event this Agreement is terminated or fails to become effective, then the Parties shall return to the *status quo ante* in the Action as if the Parties had not entered into this Agreement, and the parties shall jointly file a status report in the Court seeking to reopen the Action. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

115.    In the event this Agreement is terminated or fails to become effective, all funds in

28

the Settlement Fund shall be promptly returned to Defendant. However, Defendant shall have no right to seek from Plaintiff, Class Counsel, or the Settlement Administrator the Settlement Administration Costs paid by Defendant. The Settlement Administrator all remaining amounts in the Settlement Fund to Defendant within 21 days of termination.

## XV.   Effect of Termination

116.    The grounds upon which this Agreement may be terminated are set forth in Section XIV. In the event of a termination, this Agreement shall be considered null and void; all of Plaintiff, Class Counsel's, Defendant, and Defendant's Counsel's obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement rights, claims, and defenses will be retained and preserved.

117.    In the event the Settlement is terminated in accordance with the provisions of this Agreement, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made, or filed with the Court.

## XVI.   No Admission of Liability

118.    This Agreement reflects the Parties' compromise and settlement of disputed claims. This Agreement shall not be construed as or deemed to be evidence of an admission or concession of any point of fact or law. Defendant has denied and continues to deny each of the claims and contentions alleged in the Complaint. Defendant specifically denies that a class could or should be certified in the Action for litigation purposes. Defendant does not admit any liability or

wrongdoing of any kind, by this Agreement or otherwise. Defendant has agreed to enter into this Agreement to avoid the further expense, inconvenience, and distraction of burdensome and protracted litigation, and to be completely free of any further claims that were asserted or could possibly have been asserted in the Action.

119.    Class Counsel believe the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly, and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel fully investigated the facts and law relevant to the merits of the claims, conducted discovery, and conducted independent investigation of the alleged claims. Class Counsel concluded that the proposed Settlement set forth in this Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class.

120.    This Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties in connection with the negotiations of this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability, or wrongdoing of any kind whatsoever.

121.    Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiff or the Settlement Class, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency, or other tribunal.

122.     In addition to any other defenses Defendant may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to and may be used as the basis for an injunction against any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of this Agreement or the Releases contained herein.

## XVII.  Miscellaneous Provisions

123.     <u>Gender and Plurals</u>. As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

124.     <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to and for the benefit of, the successors and assigns of the Releasing Parties and the Released Parties.

125.     <u>Cooperation of Parties</u>. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, uphold Court approval, and do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement.

126.     <u>Obligation to Meet and Confer</u>. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have met and conferred in an attempt to resolve the dispute.

127.     <u>Integration and No Reliance</u>. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. This Agreement is executed without reliance on any covenant, agreement, representation, or warranty by any Party or any Party's representative other than those expressly set forth in this Agreement. No covenants, agreements, representations, or warranties of any kind whatsoever have

31

been made by any Party hereto, except as provided for herein.

128.    No Conflict Intended. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

129.    Governing Law. Except as otherwise provided herein, the Agreement shall be construed in accordance with, and be governed by, the laws of the state of Louisiana, without regard to the principles thereof regarding choice of law.

130.    Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required.

131.    Jurisdiction. The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of the agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose. The Court shall retain jurisdiction over the enforcement of the Court's injunction barring and enjoining all Releasing Parties from asserting any of the Released Claims and from pursuing any Released Claims against the Released Parties at any time and in any jurisdiction, including during any appeal from the Final Approval Order.

132.    Notices. All notices provided for herein, shall be sent by email with a hard copy sent by first class mail to:

If to Plaintiff's or Class Counsel:

      Laura Van Note
      **COLE & VAN NOTE**
      555 12th Street, Ste. 2100
      Oakland, CA 94607
      lvn@colevannote.com

If to Defendant or Defendant's Counsel:

      Jennifer Oliver
      **BUCHANAN INGERSOLL & ROONEY LLP**
      600 W. Broadway Suite 1100
      San Diego, CA 92101
      jennifer.oliver@bipc.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

133.   <u>Modification and Amendment</u>. This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

134.   <u>No Waiver</u>. The waiver by any Party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

135.   <u>Authority</u>. Class Counsel (for Plaintiff and the Settlement Class), and Defendant's Counsel (for Defendant), represent and warrant that the persons signing this Agreement on their behalf have full power and authority to bind every person, partnership, corporation, or entity included within the definitions of Plaintiff and Defendant to all terms of this Agreement. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement

to all of the terms and provisions of this Agreement.

136.    <u>Agreement Mutually Prepared</u>. Neither Plaintiff nor Defendant shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

137.    <u>Independent Investigation and Decision to Settle</u>. The Parties understand and acknowledge they: (a) have performed an independent investigation of the allegations of fact and law made in connection with this Action; and (b) that even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. All Parties recognize and acknowledge they reviewed and analyzed data that they and their experts used to make certain determinations, arguments, and settlement positions. The Parties agree this Settlement is fair, reasonable, and adequate, and will not attempt to renegotiate or otherwise void or invalidate or terminate the Settlement irrespective of what any unexamined data later shows. It is the Parties' intention to resolve their disputes in connection with this Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

138.    <u>Receipt of Advice of Counsel</u>. Each Party acknowledges, agrees, and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering into this Agreement

and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

139. <u>Exhibits</u>. The exhibits to this Agreement are expressly incorporated by reference and made part of the terms and conditions set forth herein.

140. <u>Representations/Warranties Regarding Other Potential Plaintiff or Legal Claims</u>. Class Counsel represent and warrant that they do not represent any clients, or have knowledge of any potential clients, with claims or potential claims against the Released Parties aside from the Released Claims. Plaintiff and Class Counsel each represent and warrant that neither of them is aware of any potential plaintiff, or any attorney other than Class Counsel, who intends to make demands or bring litigation against the Released Parties. Plaintiff and Class Counsel each further represent and warrant that neither of them has been notified or otherwise informed of any such intention or consideration thereof. Plaintiff and Class Counsel each further represent and warrant that neither of them has been referred to any other attorney or any other individual alleging to have, asserting, pursuing, or seeking to pursue any claims against the Released Parties. Class Counsel represent and warrant that they have removed all advertisements, including social media posts, soliciting potential clients to pursue claims against Defendant or any of the Released Parties. Class Counsel further represent and warrant that they have removed any other publications, including social media posts, announcing, publicizing, or describing the Released Claims, to the extent published by Class Counsel.

141. <u>Bar to Future Suits</u>. Upon entry of the Final Approval Order, the Releasing Parties shall be enjoined from prosecuting any Released Claim in any proceeding against the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by this Agreement or by the Final Approval Order. It is further agreed that the Settlement may be

pleaded as a complete defense to any proceeding subject to this paragraph.

**PLAINTIFF**

ID DavXeC8QaFXWMppBt2aiJZXA

_____          2/11/2025
**Adam Herrell**                               _____
                                               **Date**

**CLASS COUNSEL**

*Laura Van Note*
ID NPiqXD9qQAws46pgTB14znya

_____          2/11/2025
**Laura Van Note, Esq.**                       _____
COLE & VAN NOTE                                **Date**

**DEFENDANT**

**L&B Transport, LLC**

Signed by:
By: Jack Stanley
    AD4B0A58EE2C496...
    _____          2/13/2025
Its _____          _____
                                           **Date**

**DEFENDANT'S COUNSEL**

DocuSigned by:
*Jennifer Oliver*
6C7D33CB259F4A4...
_____          2/11/2025
**Jennifer Oliver, Esq.**                      _____
BUCHANAN INGERSOLL & ROONEY LLP                **Date**

36

Docusign Envelope ID: 23DC5949-98B4-4747-93E6-2A9076CAE9D7

EXHIBIT 1

## EXHIBIT 1

**Sender Email:**      [Settlement Administrator Email Address]

**Sender Name:**      Settlement Administrator

**Subject Line:**      Notice of Class Action Settlement – *Herrell v. L&B Transport, LLC*, Case No. 3:24-cv-00965-SDD-SDJ

Notice ID:  [Notice ID number]
Confirmation Code:  [Confirmation code number]

## NOTICE OF CLASS ACTION SETTLEMENT

You may be eligible for cash payment from a class action settlement involving L&B Transport, LLC. but you need to act.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

**A court authorized this Notice**.

This is not spam, an advertisement, or a lawyer solicitation.

A settlement has been reached in a class action lawsuit against L&B Transport, LLC ("L&B") that alleges that L&B was negligent and breached contractual and statutory duties in connection with a Data Incident discovered by L&B in August 2024. L&B denies all of the claims and says it did not do anything wrong.

This notice summarizes the proposed settlement. For the precise terms of the settlement, please see the settlement agreement available at www._____.com; by contacting class counsel at Cole & Van Note, phone number (510) 981-9800; by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://www.laed.uscourts.gov/case-information/pacer, or by visiting the office of the Clerk of the Court for the United States District Court of Middle District of Louisiana, 777 Florida Street, Room G-48, Baton Rouge, LA 70801-1763, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.

**ARE YOU INCLUDED?** Yes, L&B's records show that you are an individual whose information may have been accessed and that you were sent a notification of the Data Incident discovered in August 2024. Therefore, you are included in this Settlement as a "Settlement Class member."

**WHAT ARE THE SETTLEMENT BENEFITS?** L&B has agreed to establish a Settlement Fund of $220,000. Settlement Class Members who submit a valid claim will be reimbursed for any valid documented losses fairly traceable to the Data Security Incident up to $5,000 and will receive a *pro-rata* distribution following payout of Administrative Expenses, Service Awards, Documented Loss Claims, Attorneys' Fees and Class Counsel's Litigation Expenses. All Attorneys' Fees and costs will also be paid from the Settlement Fund.

**HOW CAN I FILE A CLAIM**?  The only way to file a claim is by filling out a Claim Form available if you:

- Visit the settlement website at <mark>www.XXXXXXXXX.com</mark> or
- Call <mark>1-XXX-XXX-XXXX</mark>.

All claims must be filed *before* <mark>**Month Day**</mark>, **2025**.

**WHAT ARE MY OTHER OPTIONS?** If you do nothing, you will remain in the Class, you will not be eligible for benefits, and you will be bound by the decisions of the Court and give up your rights to sue Waterford for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by <mark>**Month Day, 2025**</mark>. If you stay in the Settlement, you may object to it by <mark>**Month Day, 2025**</mark>. A more detailed notice is available to explain how to exclude yourself or object. Please visit the settlement website below or call the phone number below for a copy of the more detailed notice.

**WHEN WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?** On <mark>**Month Day, 2025**</mark>, the Court will hold a Final Approval Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses of up to 33% of the Settlement Fund and a service award of $5,000 for the Representative Plaintiff. The Motion for Attorney's Fees will be posted on the settlement website after it is filed. You or your own lawyer may ask to appear and speak at the hearing at your own cost, but you do not have to.

For more information, call or visit the website below.

| www.XXXXXXXXX.com | 1-XXX-XXX-XXXX |
|---|---|

*Unsubscribe*

EXHIBIT 2

Docusign Envelope ID: 23DC5940-98B4-4747-B3F6-2A9076CAE9D7

Claims Administrator
Street Address
City, State, Zip Code

Unique ID: <<UniqueID>>

**If you were notified of a Data Security Incident involving L&B Transport, LLC, you may be entitled to benefits from a settlement.**

<<MAIL ID>>
<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

Docusign Envelope ID: 23DC5940-98B4-4747-B3F6-2A9076CAE9D7

A proposed settlement has been reached in a class action lawsuit against L&B Transport, LLC ("L&B" or "Defendant") related to a security incident that was discovered in August 2024 which Defendant notified potentially impacted individuals on November 11, 2024. The lawsuit claims Defendant is legally responsible for the Data Security Incident, where names, Social Security numbers, and driver's license numbers may have been accessed and exfiltrated by unauthorized individuals. The lawsuit asserts various legal claims, including negligence, breach of implied contract and the Breach of the Implied Covenant of Good Faith and Fair Dealing. Defendant denies these claims and deny that they did anything wrong.

**You are receiving this notice because you may be a Settlement Class Member**. The Settlement Class is defined by the Court as all individuals within the United States of America whose Private Information was exposed to unauthorized third parties as a result of the data breach allegedly discovered by Defendant in August 2024.

Under the terms of the settlement, L&B has agreed to establish a Settlement Fund of $220,000. Settlement Class Members who submit a valid claim will be reimbursed for any valid documented losses fairly traceable to the Data Security Incident up to $5,000 and will receive a *pro-rata* distribution following the payout of Administrative Expenses, Service Awards, Documented Loss Claims, Attorneys' Fees and Class Counsel's Litigation Expenses. All Attorneys' Fees and costs will also be paid from the Settlement Fund.

The easiest way to submit a claim is online at **www.XXXXXXXXXX.com** using your Unique ID found on the front of this postcard. To be eligible, you must complete and submit a valid Claim Form, postmarked or submitted online on or before **MONTH DAY, 20XX**. You can also exclude yourself or object to the Settlement on or before **MONDAY DAY, 20XX**. If you do not exclude yourself from the Settlement, you will remain in the Class and will give up the right to sue L&B over the claims resolved in the Settlement. **A summary of your rights under the Settlement and instructions regarding how to submit a claim, exclude yourself, or object are available at www.XXXXXXXXXX.com**.

The Court will hold a Final Approval Hearing on **MONTH DAY, 20XX, at X:XX X.m.** At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also listen to people who have asked to speak at the hearing. You may attend the Hearing at your own expense, or you may also pay your own lawyer to attend, but it is not necessary. It is possible the Court could reschedule the hearing to a different date or time without notice, so it is a good idea before the hearing to check **www.XXXXXXXXXX.com**.

This notice is a summary. The Settlement Agreement and more information about the lawsuits and Settlement are available at **www.XXXXXXXXXX.com** or by calling toll-free **1-XXX-XXX-XXXX**.

EXHIBIT 3

## EXHIBIT 3

## Long Form Notice

### NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Herrell v. L&B Transport, LLC*, Case No. 3:24-cv-00965-SDD-SDJ (U.S.D.C. LA)

> **You may be eligible for a cash payment from a class action settlement involving L&B Transport, LLC, but you need to act.**

This is a court-authorized Notice of a proposed settlement in a class action lawsuit, *Herrell v. L&B Transport, LLC*, Case No. 3:24-cv-00965-SDD-SDJ, currently pending in the United States District Court of the Middle District of Louisiana. The proposed settlement would resolve a lawsuit that alleges that L&B Transport, LLC ("L&B") was negligent and breached contractual and statutory duties in connection with a Data Incident allegedly discovered by L&B in August 2024. L&B contests these claims and denies that it did anything wrong. This Notice explains the nature of the class action lawsuit, the terms of the settlement and your legal rights and obligations.

You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. Because your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. To read the precise terms and conditions of the settlement, you can access a copy of the Settlement Agreement here [**link to document on website**]. You may also contact the Settlement Administrator at 1-XXX-XXX-XXXX.

| Summary of Your Legal Rights and Options in This Settlement | | Deadline |
|---|---|---|
| **Submit a Claim** | The only way to be eligible to receive a Claimant Award from this Settlement is by submitting a timely and valid Claim Form. The Claim Form must be submitted no later than _____, **2025**. | **_____, 2025** |
| **Opt Out of the Settlement** | You can choose to opt out of the Settlement and receive no payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. You can elect your own legal counsel at your own expense. | **_____, 2025** |

**QUESTIONS? VISIT WWW._____.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

| Object to the Settlement and/or Attend a Hearing | If you do not opt out of the Settlement, you may object to it by writing to the Court explaining why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for a Claimant Award. | _____, 2025 |
|---|---|---|
| Do Nothing | Unless you opt out of the settlement, you are automatically part of the Settlement. If you do nothing, you will not receive a payment from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

## What Is This Lawsuit About?

In a class action, one representative sued on behalf of people who have similar claims. All of the people with similar claims are class members. One court resolves the issues for all class members, except those who exclude themselves from the class.

This lawsuit began when Plaintiff Adam Herrell filed a putative class action complaint against L&B.  In the lawsuit, Plaintiff alleges that L&B was negligent and violated contractual and statutory damages when a third party obtained unauthorized access to information such as names, Social Security numbers, and driver's license numbers. L&B denies any liability or wrongdoing of any kind associated with the claims in this lawsuit.

This is just a summary of the allegations. The complaint in the lawsuit is posted at www.XXXXXXXXXX.com and contains all of the allegations.

## Why Is There a Settlement?

To resolve this matter without the expense, delay, and uncertainties of litigation, the parties reached a settlement.  The proposed settlement would require L&B to pay money to the Settlement Class, and pay settlement administration costs, attorneys' fees and costs of Class Counsel, and a Service Payment to the Class Representative, as may be approved by the Court. The settlement is not an admission of wrongdoing by L&B and does not imply that there has been, or would be, any finding that L&B violated the law.

## Am I a Class Member?

You are a member of the Settlement Class if you are a resident within the United States of America whose Private Information may have been exposed to unauthorized third parties as a result of the data incident allegedly discovered by Defendant in August 2024.

**QUESTIONS? VISIT WWW._____.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

## Who Represents Me?

The Court has appointed Laura Van Note of Cole & Van Note ("CVN") as Class Counsel. CVN is located at 555 12th Street, Suite 2100, Oakland, CA 94607.

Class Counsel will petition to be paid legal fees and to be reimbursed for their reasonable expenses from the Settlement Fund. You do not need to hire your own lawyer, but you may choose to do so at your own expense.

## What Are the Settlement Benefits?

L&B has agreed to establish a Settlement Fund, by depositing with the Settlement Administrator US $220,000.00 in cash.

The Settlement Fund will be used to pay attorneys' fees and costs, a Service Payment for the Class Representative and Settlement administration costs. After deducting amounts for attorneys' fees and costs, a Service Payment for the Class Representative, and Settlement administration costs, the remaining amount ("**Net Settlement Amount**") will be used to pay timely valid claims.

A Settlement Class Member who timely submits a valid and approved Claim Form shall be entitled to a Claimant Award:

### (1)    Documented Loss Fund

The Settlement Class Member may submit a claim for a Settlement Payment of up to $5,000 reimbursement in the form of a Documented Loss Payment. To receive a Documented Loss Payment, a Settlement Class Member must choose to do so on their given Claim Form and submit to the Settlement Administrator the following: (i) a valid Claim Form electing to receive the Documented Loss Payment benefit; (ii) an attestation regarding any actual and unreimbursed Documented Loss, including lost time for up to four (4) hours at $25 per hour; and (iii) reasonable documentation that demonstrates the Documented Loss to be reimbursed pursuant to the terms of the Settlement.

### (2)    Non-Documented Pour-Over Fund

Following the distribution of Administrative Expenses, Service Awards, Documented Loss Claims, Attorneys' Fees and Class Counsel's Litigation Expenses, the Settlement Administrator will make a *pro rata* cash payment from the remaining Settlement fund to each Class Member who submits a valid claim, as determined by the Settlement Administrator in accordance with the Settlement Agreement or, if applicable, the dispute resolution process therein, so long as the funds are available. If too little money remains to make such a payment, the money will be donated to an appropriate charity.

L&B has also agreed to certain enhancements, including additional training and security provisions to its data security.

## How Do I Get a Payment?

**QUESTIONS? VISIT WWW._____.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

You must submit a completed Claim Form no later than **[Day/Month, 2025]**. You may submit a Claim Form online at www.XXXXXXXXXX.com.

## How Do I Exclude Myself from the Settlement?

If you want to exclude yourself from the Settlement Class, sometimes referred to as "opting out," you will not be eligible to recover any benefits as a result of this settlement and you will not receive a payment or have any rights under the Settlement Agreement. However, you would keep the right to sue L&B at your own expense about the legal issues raised in this lawsuit. You may exclude yourself from the settlement by mailing a written notice to the Settlement Administrator, postmarked on or before **[Day/Month, 2025]**. Your exclusion request letter must:

- Be in writing;
- State your current address;
- Contain the statement "I request that I be excluded from the Settlement Class in the case of *Herrell v. L&B Transport, LLC*.";
- Be signed by you; and
- Be mailed to the Settlement Administrator, [**Street Address**], [**City, State, Zip**], postmarked on or before **[Day/Month, 2025]**.

## How Do I Object to the Settlement?

You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue. If that is what you want to happen, you should object.

If you are a member of the Settlement Class and you do not exclude yourself from the Settlement, you can object to the Settlement. To do so, you must file your written objection with the Court no later than **[Day/Month, 2025]**, and mail a copy to Class Counsel and L&B's Counsel at the addresses listed below. Your written objection may include any supporting documentation you wish the Court to consider.

If your objection is submitted and overruled by the Court at the Final Approval hearing, you will remain fully bound by the terms of the Settlement Agreement and the Final Approval Order.

Mailing addresses for Class Counsel and L&B's Counsel are as follows:

| CLASS COUNSEL: | L&B'S COUNSEL: |
|---|---|
| Laura Van Note, Esq.<br>COLE & VAN NOTE<br>555 12th Street, Suite 2100,<br>Oakland, CA 94607 | Jennifer Oliver<br>BUCHANAN INGERSOLL & ROONEY LLP<br>600 W. Broadway Suite 1100<br>San Diego, CA 92101 |

**QUESTIONS? VISIT WWW._____.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

## What Is the Difference Between Objecting and Asking to be Excluded?

Objecting means telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

## What Am I Agreeing to by Remaining in the Settlement Class?

Unless you exclude yourself, you will be part of the Settlement Class and you will be bound by the release of claims in the Settlement. This means that if the Settlement is approved, you cannot sue, continue to sue, or be part of any lawsuit against L&B or the other Released Parties asserting a "Released Claim," as defined below. It also means that the Court's Order approving the settlement and the judgment in this case will apply to you and legally bind you.

"**Released Claims**" means any and all actual, potential, filed, unfiled, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, against the Released Parties, or any of them, arising out of, or relating to, actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act in connection with the data security incident, and including all claims that were brought or could have been brought in the Action, belonging to any and all Settlement Class members, including but not limited to any state law or common law claims that they may have or had.

"**Released Parties**" means L&B and its past, present, and future, direct and indirect heirs, assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, officers, directors, shareholders, agents, employees, attorneys, insurers, reinsurers, benefit plans, predecessors, successors, managers, administrators, executors and trustees.

## When Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Final Approval Hearing on **[Day/Month, 2025] at XX:XX A.M./P.M.** at _____. At that hearing, the Court will determine the overall fairness of the settlement, hear objections, and decide whether to approve the requested attorneys' fees and expenses, Service Payment for the Class Representatives, and settlement administration costs. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check www.XXXXXXXX.com and the Court's docket for updates.

## How Do I Get More Information?

For more information, go to www.XXXXXXXXXX.com, or call the Settlement Administrator at 1-XXX-XXX-XXXX. You may also write to the Settlement Administrator via mail to [address] or via email [email address].

**QUESTIONS? VISIT WWW._____.COM OR CALL TOLL-FREE 1-XXX-XXX-XXXX**

EXHIBIT 4

*HERRELL v. L&B TRANSPORT, LLC,* **Case No. 3:24-cv-00965-SDD-SDJ**
**L&B Transport, LLC Settlement**

## "DOCUMENTED LOSSES" AND IDENTITY THEFT PROTECTION AND RESTORATION SERVICES CLAIM FORM

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE RECEIVED ONLINE AT [INSERT WEBSITE] NO LATER THAN [INSERT DATE].**

*ATTENTION: This Claim Form is to be used to apply for relief related to the Data Incident that occurred in August 2024 and potentially affected patients, employees, and guarantors of L&B Transport, LLC ("L&B"). Individuals may be eligible: 1) for all Settlement Class Members, reimbursement of actual losses that are reasonably traceable to the Data Incident, including attested time.*

*To submit a Claim, you must have been identified as a potential Settlement Class Member from L&B's business records and received Notice of this Settlement with a **unique Claim Number**.*

*You may apply to be reimbursed for your actual documented losses, up to $5,000.00.*

**PLEASE BE ADVISED** *that any documentation you provide must be submitted **WITH** this Claim Form.*

**Note that you MUST separately apply for documented losses, including attested time, using this claim form.**

**CLAIM VERIFICATION:** *All Claims are subject to verification. You will be notified if additional information is needed to verify your Claim.*

**ASSISTANCE: If you have questions about this Claim Form, please visit the Settlement website at [INSERT] for additional information or call [INSERT PHONE NUMBER].**

**PLEASE KEEP A COPY OF YOUR CLAIM FORM AND PROOF OF MAILING FOR YOUR RECORDS.**

**Failure to submit required documentation, or to complete all parts of the Claim Form, may result in denial of the claim, delay its processing, or otherwise adversely affect the claim.**

## REGISTRATION

First Name:           MI:    Last Name:

Mailing Address:

City:                        State:    ZIP Code:

Telephone Number:

1

☐ ☐ ☐ – ☐ ☐ ☐ – ☐ ☐ ☐ ☐

Email Address:

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

**Please provide the Claim Number identified in the notice that was e-mailed to you:**

☐☐☐☐☐☐☐

*Instructions. Please follow the instructions below and answer the questions as instructed.*

## CLAIM INFORMATION

*Section A. Confirm Your Eligibility*

**Did you receive a unique Claim Number indicating that you may be a member of the Settlement Class**?

☐ Yes ☐ No

> *If yes, continue to the next question. If no, you are not a member of the Settlement Class and do not qualify to file a Claim.*

**Did you suffer any financial expenses or other financial losses that you believe was as a result of the Data Incident or did you spend time remedying issues related to the Data Incident?** For example, did you sign up and pay for a credit monitoring service, hire and pay for a professional service to remedy identity theft, etc., **or spend time monitoring credit, resolving disputes for unauthorized transactions, freezing or unfreezing your credit, remedying a falsified tax return, etc.** as a direct result of or attributed to the Data Incident?

☐ Yes ☐ No

> *If yes, you may be eligible to fill out **Section B** of this form and provide corroborating documentation.*

**Section B. Reimbursement for Losses and Attested Lost Time**

If you suffered verifiable financial losses that are reasonably traceable to the Data Incident ==or spent time remedying the issues related to the Data Incident==, you may be eligible to receive a payment to compensate you for the losses and inconveniences suffered ==and lost time spent== that are fairly traceable to the Data Incident.

If it is verified that you meet all the criteria described in the Settlement Agreement, and you **_submit_** proof of your losses and the dollar amount of those losses, you will be eligible to receive a payment compensating you for your documented losses of up to **$5,000.00**. Examples of what can be used to prove your losses include: receipts, account statements, etc. You may also prove losses by submitting information in the claim form that describes time spent remedying suspected identity theft, fraud, or misuse of personal information and/or other issues reasonably traceable to the Data Incident. ==You will be required to provide an attestation as to the time you spent remedying issues related to the Data Incident.== Examples of what can be used to account for your losses related to time spent remedying issues related to the Data Incident include: time spent monitoring credit, resolving disputes for unauthorized transactions, freezing or unfreezing your credit, remedying a falsified tax return, etc.

Providing adequate proof of your losses does not guaranty that you will be entitled to receive the full amount claimed. All Claims will also be subject to an aggregate maximum payment amount, as explained in the Settlement Agreement. If the amount of losses claimed exceeds the maximum amount of money available under the Settlement Agreement, then the payment for your Claim will be reduced on a pro rata basis. If you would like to learn more, please review the Settlement Agreement for further details.

Payment for your losses will be paid directly to you electronically, unless you request to be paid by check as indicated below.

For each loss that you believe can be traced to the Data Incident, please provide a description of the loss, the date of the loss, the dollar amount of the loss, and the type of documentation you will be submitting to support the loss. **You must provide ALL this information for this Claim to be processed**. Supporting documents must be submitted electronically. Please do so as part of this Claim Form at [Insert Website] and provide the additional information required below. **If you fail to provide sufficient supporting documents, the Settlement Administrator will deny Your Claim.** Please provide only copies of your supporting documents and keep all originals for your personal files. The Settlement Administrator will have no obligation to return any supporting documentation to you. A copy of the Settlement Administrator's privacy policy is available at [Insert Website]. With the exception of your name, mailing address, email address, and phone number, supporting documentation will not be provided to Defendant in this action. Please do not directly communicate with L&B regarding this matter. All inquiries are to be sent to the Claims Administrator.

*Examples of such losses include payments for identity theft protection or credit monitoring you made which are reasonably traceable to the Data Incident, financial losses due to stolen identity traceable to the Data Incident, etc. These are only examples and do not represent a complete list of losses eligible for compensation. Please provide a description of any loss that you claim was the result of the Data Incident.*

*Examples of documentation include receipts for identity theft protection services, etc.*

| Description of the Loss | Date of Loss | Amount | Type of Supporting Documentation |
|---|---|---|---|
| Example: Identity Theft Protection Service | 0 7 – 1 7 – 2 0  MM  DD  YY | $50.00 | Copy of identity theft protection service bill |
| Example: Fees paid to a professional to remedy a falsified tax return | 0 2 – 3 0 – 2 1  MM  DD  YY | $25.00 | Copy of the professional services bill |
| | MM – DD – YY | $ | |
| | MM – DD – YY | $ | |
| | MM – DD – YY | $ | |
| | MM – DD – YY | $ | |
| | MM – DD – YY | $ | |
| | MM – DD – YY | $ | |
| | MM – DD – YY | $ | |
| | MM – DD – YY | $ | |
| | MM – DD – YY | $ | |
| | MM – DD – YY | $ | |

**Reimbursement for Attested Time**:

Settlement Class Members may submit a claim for time spent remedying identity theft, fraud, misuse of personal information, credit monitoring or freezing credit reports, and/or other issues reasonably traceable to the Data Incident, for up to four hours at $25.00 per hour.

If you spent time remedying issues related to the Data Incident, including at least one (1) full hour, please list the number of hours you spent here: _____.

By checking the below box, I hereby declare under penalty of perjury that the information provided in this Claim Form to support my seeking relief for Attested Time is true and correct.

☐    **Yes, I understand that I am submitting this Claim Form and the affirmations it makes as to my seeking relief for Attested Time under penalty of perjury. I further understand that my failure to check this box may render my Claim for Attested Time null and void.**

**Section C. Payment**

You will receive payment for your losses under this Settlement electronically. If you do not wish to receive an electronic payment, payment for your losses will be paid in the form of a check sent to the mailing address you provided above.

Please check the box if you **do not** want to receive your payment electronically: ☐

If you wish to receive an electronic payment, you may receive it in the following manners:

[Settlement Administrator to provide for electronic payment manners and instructions]

**Section D. Settlement Class Member Affirmation**

By submitting this Claim Form and checking the box below, I declare that I received notification from L&B that I have been identified as a potential Settlement Class Member. As I have submitted claims of losses due to the Data Incident, I declare that I suffered these losses.

I understand that my Claim and the information provided above will be subject to verification.

I also understand that I may not be entitled to recover under this Settlement if I am employed by and/or affiliated with the Judge or Magistrate presiding over this action, and/or am employed by the Defendant or anyone acting on its behalf.

By submitting this Claim Form, I certify that any documentation that I have submitted in support of my Claim consists of unaltered documents in my possession.

☐ **Yes, I understand that my failure to check this box may render my Claim null and void.**

Please include your name in both the Signature and Printed Name fields below.

Signature: [                    ]     Date: [  ][  ] – [  ][  ] – [  ][  ]
                                              MM        DD        YY

Printed Name: [                    ]

**IN ORDER TO BE VALID, THIS CLAIM FORM MUST BE RECEIVED ONLINE AT [INSERT WEBSITE] NO LATER THAN [120 days after the Notice Deadline].**

# eSignature Details

---

**Signer ID:**        **DavXeC8QaFXWMppBt2aiJZXA**
Signed by:            Adam Herrell
Sent to email:        adamj049@gmail.com
IP Address:           47.218.4.7
Signed at:            Feb 11 2025, 2:44 pm PST


**Signer ID:**        **NPiqXD9qQAws46pgTB14znya**
Signed by:            Laura Van Note
Sent to email:        lvn@colevannote.com
IP Address:           108.237.40.225
Signed at:            Feb 11 2025, 3:08 pm PST