## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ADAM HERRELL, individually, and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>L & B TRANSPORT, LLC,<br><br>                Defendant. | Case No.: 3:24-cv-00965-SDD-SDJ<br><br>Judge:      Honorable Shelly D. Dick<br><br>Magistrate Judge:    Honorable Scott D. Johnson |

### ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPLICATION FOR ATTORNEY'S FEES AND COSTS AND SERVICE AWARDS TO PLAINTIFF

WHEREAS, Plaintiff Adam Herrell ("Plaintiff") submitted to the Court his Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Award (ECF No. 18);

WHEREAS, on March 19, 2025, the Court entered its Preliminary Approval Order, which, inter alia: (1) preliminarily approved the Settlement; (2) determined that, for purposes of Settlement only, the Action should proceed as a class action and certified the Settlement Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (3) appointed Plaintiff Adam Herrell as Class Representative; (4) appointed Laura Van Note of Cole & Van Note as Class Counsel; (5) appointed Apex Class Action Services, LLC as the Settlement Administrator; (6) approved the form and manner of Notice and the Notice Program; (7) approved the Claim process and Claim Form; and (8) scheduled the Final Approval Hearing for July 24, 2025 (ECF No. 17);

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by direct First-Class Mail and a Long Form Notice was

1

made available on the dedicated Settlement Website and upon request to the Settlement Administrator, Apex Class Action Services, LLC;

WHEREAS, on July 24, 2025, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider Class Counsel's Application for Attorneys' Fees, Costs, and a Service Award;

WHEREAS, this Court has considered the basis of its jurisdiction and finds jurisdiction over this matter;

WHEREAS, based on the foregoing, and having considered the Motion for Final Approval, supporting declarations and exhibits, the arguments presented at the Final Approval Hearing, and all other papers and proceedings in the Action, and being fully advised;

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Order incorporates the definitions in the Settlement Agreement, and all capitalized terms used in this Order have the same meanings as those set forth in the Settlement Agreement, unless otherwise defined herein.

2. The Notice provided to the Settlement Class pursuant to the Court's Preliminary Approval Order (ECF No. 17) was the best notice practicable under the circumstances. The Notice and Notice Program, which included direct mailing via First-Class U.S. Mail and publication on the Settlement Website, complied with Federal Rule of Civil Procedure 23 and the requirements of due process. The Notice program fairly and adequately informed Settlement Class Members of their rights and options under the Settlement. The Claim Form was straightforward and easily understandable, and the Claims process was fair, reasonable, and designed to facilitate access to relief.

3. Defendant has fully complied with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b), as confirmed by the record.

4. The terms of the Settlement are fair, adequate and reasonable. In so finding, the Court has considered the Fed. R. Civ. P. 23(e)(2) factors and the Fifth Circuit's traditional factors from *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983).

5. Based on the information presented to the Court, the Claims process has proceeded in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Benefits as provided under the Settlement. Settlement Class Members who did not submit a Claim or whose Claims were deemed invalid remain bound by the terms of the Settlement and the Releases set forth therein.

6. The distribution plan for Settlement Class Member Benefits, as proposed in the Settlement Agreement, is fair, reasonable, and adequate.

7. The Class Representative, Adam Herrell, and Class Counsel, Laura Van Note of Cole & Van Note, have fairly and adequately represented and will continue to represent the interests of the Settlement Class Members.

8. Having determined that the Settlement is fair, reasonable and adequate, the Court grants Final Approval of the Settlement and directs implementation of all its terms and provisions.

9. All Parties to this Action, including all Settlement Class Members (except those who have opted out), are bound by the Settlement Agreement and this Final Approval Order.

10. The Court affirms the appointment of Plaintiff Adam Herrell as the Class Representative.

11. The appointment of Laura Van Note of Cole & Van Note as Class Counsel is affirmed.

12. The Court reaffirms its appointment of Apex Class Action Services, LLC as the Settlement Administrator.

13. The Court affirms its prior findings that, for purposes of settlement only, the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3). Specifically: (1) the Settlement Class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Class Representative are typical of the claims of the Settlement Class; (4) the Class Representative has fairly and adequately protected the interests of the Settlement Class, and has retained experienced and competent Class Counsel; (5) the common questions of law and fact predominate over any questions affecting individual Settlement Class Members; and (6) a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

14. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement and no valid opt-outs, demonstrating an overwhelmingly positive response from the Settlement Class. The Court further credits the informed judgment and recommendations of competent and experienced Class Counsel.

15. Therefore, the Court finally certifies the following Settlement Class for settlement purposes only: All persons in the United States whose Private Information was potentially compromised as a result of the Data Security Incident involving L&B Transport, LLC.

16. Excluded from the Settlement Class are: (a) all persons who are governing board members of Defendant; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any individual who timely and validly opts out of the Settlement.

17. Judgment shall be entered dismissing the Action with prejudice and on the merits.

18. As of the Effective Date, and in exchange for the relief provided in the Settlement Agreement, all Releasing Parties shall be deemed to have fully, finally, and irrevocably released and forever discharged the Released Parties from any and all liabilities, rights, claims, actions, causes of action, demands, damages, costs, attorneys' fees, losses, and remedies—whether known or unknown, asserted or unasserted, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable—based on contract, tort, or any other theory, whether on behalf of themselves or others, that result from, arise out of, are based upon, or relate to: (a) the Data Security Incident; or (b) any of the alleged violations of laws or regulations asserted in the Complaint, the Action, or any related proceedings.

19. With respect to the Released Claims, Plaintiffs and Settlement Class Members, expressly understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs and Settlement Class Members explicitly took that into account in entering into the Agreement, and a portion of the consideration and the mutual covenants contained therein, having been bargained for between Plaintiffs and Defendant with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims.

20. In the event that funds remain from uncashed checks in the Settlement Fund following the expiration of the 90-day check negotiation period, the remaining Net Settlement Fund shall be distributed to the Court-approved cy pres recipient.

21. Class Counsel is awarded $73,326 in attorney's fees, representing 33.33% of the $220,000.00 non-reversionary Settlement Fund, and $405 for costs. These payments shall be made out of the Settlement Fund in accordance with the Agreement.

22. The Court evaluated Class Counsel's attorneys' fee request using the percentage of the fund method blended with the following 12 factors from *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974), and concludes that amount is fair and within the range of reason: (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee [for similar work in the community]; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases.

23. Plaintiff Adam Herrell shall be awarded a Service Award in the amount of $5,000. The Service Award shall be payable out of the Settlement Fund in accordance with the Agreement.

24. Settlement Claims Administrator, Apex, shall receive payment of the Settlement Administration Costs in an amount not to exceed $15,550. The payment shall be payable out of the Settlement Fund in accordance with the Agreement.

25. Plaintiff and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

26. The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been

performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement.

27. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, nunc pro tunc. In such event, all orders entered, and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Action shall return to its status immediately prior to execution of the Agreement.

28. All Settlement Class Members shall be bound by this Order.

29. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other person subject to the provisions of this Final Approval Order.

30. This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Action.

31.     There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Fed. R. Civ. P. 58.

SO ORDERED on  August 21  , 2025.

*Shelly D. Dick*
CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT JUDGE